IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:19-cr-00059 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TREVOR XAVIER MIKE ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Trevor Xavier Mike filed an emergency motion for admission to bail due to the COVID-19 pandemic. (Dkt. No. 90.) On December 7, 2020, Mike filed a motion for a hearing on the emergency motion. (Dkt. No. 91.) For the following reasons, Mike's motion will be denied without a hearing.

I. BACKGROUND

On June 14, 2019, a magistrate judge ordered that Mike be detained pending trial for drug possession and conspiracy charges. (Dkt. No. 35.) The magistrate judge reasoned that Mike is a danger to the community because he possessed firearms in relation to his drug conspiracy charges and his home plan, if granted bond, was inadequate. (*Id.*) On March 24, 2020, Mike filed an emergency motion for admission to bail due to COVID-19. (Dkt. No. 49). On April 6, 2020, after hearing evidence and argument of counsel, the magistrate judge denied Mike's emergency motion. (Dkt. No. 56.) The magistrate concluded that "clear and convincing evidence established that Defendant was a danger to the community, and that the offered home plan of living with his mother was not sufficient to reasonably assure the safety of the community." (*Id.*) The undersigned reviewed that decision and agreed with the magistrate judge. On April 14, 2020, the undersigned denied Mike's request to reconsider his emergency motion for bond. (Dkt. Nos. 59 and 60.)

On September 23, 2020, Mike pled guilty to conspiracy to possess with intent to distribute and to distribute 100 grams or more of a mixture containing a detectable amount of heroin, and possession with intent to distribute heroin. (Dkt. Nos. 71, 73.) His sentencing is scheduled for January 19, 2021. (Dkt. No. 75).

On November 18, 2020, Mike filed his second emergency motion for admission to bail to COVID-19, now before the court. (Dkt. No. 90.) On December 7, 2020, he requested a hearing on his second emergency motion. (Dkt. No. 91.)

## II. ANALYSIS

The Bail Reform Act provides conditions under which an individual may be released on bond pending sentencing and appeal a detention order pending sentencing. Mike does not meet the conditions required for bond.

### A. Section 3143(a)(2)

"Section 3143(a)(2) of the Bail Reform Act provides that the Court '*shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained" *unless* the requirements of sections 3143(a)(2)(A) and 3143(a)(2)(B) are satisfied. *United States v. Moffitt*, 527 F. Supp. 2d 474, 476 (W.D.N.C. 2006). Section 3143(a)(2)(A) is satisfied if the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Section 3143(a)(2)(B) is satisfied if the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." Generally, Section "3143 creates a presumption that a person who has entered a guilty plea shall remain in custody." *Moffitt*, 527 F. Supp. 2d at 476 (citing

*United States v. Hamrick,* 720 F. Supp. 66, 67 (W.D.N.C.1989); *United States v. Williams,* No. 3:01-cr-183, Doc. No. 77 (W.D.N.C., July 25, 2002)).

Mike has pled guilty to an offense described in subparagraph (C) of subsection (f)(1) of section 3142; namely "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."[1] However, Mike does not meet the requirements for release pending sentencing because there is no indication that a motion for acquittal or a new trial will be granted, nor has the government recommended that Mike receive no sentence of imprisonment. Therefore, Mike is not eligible for bond pending sentencing under Section 3143.

**B. Section 3145(c)**

Section 3145 of the Bail Reform Act sets out procedures for appealing a detention order. "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." "In short, to warrant release under Section 3145(c), a defendant must meet two requirements." *United States v. Mahabir*, 858 F. Supp. 504, 506 (D. Md. 1994). "First, he must satisfy Section 3143(a)(1)." (*Id.*) "Second, he must proffer 'exceptional reasons why [his] detention would not be appropriate.'" *Id.* (citing 18 U.S.C. § 3145(c); *United States v. Douglas*, 824 F. Supp. 98, 99 (N.D. Tex. 1993); *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992), *aff'd*, 993

---

[1] The offense to which Mike pled guilty carries a maximum sentence of 40 years pursuant to 21 U.S.C. § 841(b)(1)(B). (Dkt. No. 71.)

F.2d 1541 (4th Cir.); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991); *United States v. Mostrom*, 11 F.3d 93, 94–95 (8th Cir. 1993)).

Here, the court does not find by clear and convincing evidence that Mike is not likely to flee and is not a danger to the community. On the contrary, the magistrate judge found that Mike posed a danger to the community when he denied Mike's first emergency motion for bond in April. The court agrees with the magistrate judge's finding, given Mike's possession of firearms together with his drug conspiracy offense. The only relevant changes since Mike's first emergency motion, other than the fact that he has been adjudged guilty, are that Mike is at the Western Virginia Regional Jail and the COVID-19 outbreak has worsened there. However, the presence of the pandemic does not alter the individualized assessment regarding flight risk and community safety.

Furthermore, the court does not find exceptional reasons. Like much of the nation, the numbers of persons diagnosed with COVID-19 has increased at the jail. The jail is following Virginia Department of Corrections' protocols to control COVID-19. Additionally, there is no indication that Mike suffers from health conditions placing him at risk for severe COVID-19 infection. Therefore, Mike is not eligible for bond pending sentencing under Section 3145.

### III. CONCLUSION

For the above reasons, it is HEREBY ORDERED that Mike's motions for admission to bail and a hearing (Dkt. Nos. 90, 91) are DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to counsel

of record.

    Entered: December 8, 2020.

                                                    /s/ Elizabeth K. Dillon

                                                    Elizabeth K. Dillon
                                                    United States District Judge